BUTZNER, Senior Circuit Judge,
dissenting:
In its suggestion of remand of the cases that had been consolidated for pretrial proceedings, the district court stated:
Due to the fact-specific nature of this litigation, these cases do not lend themselves to a consolidated disposition on the merits. It appears likely that each individual case must be disposed of in unique fashion, which is a process better left to the discretion and planning of the district judges within the districts from whence these eases originated. .
The district court recognized that its pretrial rulings were interlocutory and that they *534 were subject to revision before final judgment. See Fed.R.Civ.P. 54(b). The district court acted responsibly. Its suggestion of remand was designed to provide a fair opportunity for each party to seek a revision of the pretrial orders in light of evidence that might be disclosed in further proceedings in the transferor courts.
The Judicial Panel on Multidistriet Litigation initially issued a conditional remand order to which Food Lion objected. Subsequently, Food Lion withdrew its objection and the Judicial Panel issued its order providing that the previously consolidated cases are “remanded to their respective transferor courts for further proceedings as provided in 28 U.S.C. § 1407(a).”
Section 1407(a) authorizes the Judicial Panel to remand actions that have been consolidated for pretrial proceedings “at or before the conclusion of such pretrial proceedings” to the transferor district courts “unless [such actions] shall have been previously terminated.” None of the actions that the Judicial Panel remanded was previously terminated in the pretrial proceedings.
Section 1407(e) governs appellate review of orders of the Judicial Panel. This section provides that no proceedings for review of any order of the Judicial Panel may be permitted except by extraordinary writ pursuant to the provisions of 28 U.S.C. § 1651. Since the Judicial Panel acted within the jurisdiction conferred by § 1407(a), there is no occasion for this court to issue an extraordinary writ to reverse the Judicial Panel.
General Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir.1967), which is cited as authority in the opinion at 532 n.10, is far afield. In that ease we dealt with a petition for a writ of mandamus filed by one of the parties. We directed a district court in this circuit to transfer a case to a district in another circuit where a similar case was proceeding. We acted because the issuance of a writ was “the only practical or adequate remedy for an abuse of discretion.” 373 F.2d at 364. In the case before us, in contrast, there is no abuse of discretion on the part of either the district court, which gave very cogent reasons for its suggestion of remand, or the Judicial Panel, which acted pursuant to its statutory authority. No other authority is cited for the unprecedented reversal of an order of the Judicial Panel that remands actions pursuant to the authority granted it in § 1407(a).
I have no quarrel with FMC Corporation v. Glouster Engineering Co., 830 F.2d 770 (7th Cir.1987), or In re Korean Air Lines Disaster of September 1, 1983, 829 F.2d 1171 (D.C.Cir.1987), which place appellate jurisdiction in the court of appeals of the circuit where the transferee district court is located. But the Judicial Panel had not remanded these cases to the transferor courts. Certainly these cases are not authority for reversing an order of the Judicial Panel.
In the ease now before us there is no petition for an extraordinary writ. The parties apparently are well satisfied with the status quo. They urge us to decide the cases now before us. We have three cases before us: cases from the Western and Middle Districts of North Carolina were properly certified, and a final order was entered in one ease originating in the Eastern District of North Carolina. Another ease from the Eastern District settled or was adjudicated with no appeal taken.
The case from the Eastern District of Virginia, we are told, has been settled or adjudicated, and no appeal will be taken.
No final order has been entered in the three South Carolina eases. They have not been certified for appeal, and the parties, we are told, are engaged in settlement negotiations on the claims that Judge Fox did not dismiss. Eventually these eases may come to us either by certification or by final order. Or they may be settled.
We are told that claims in the two Tennessee cases have been settled or adjudicated and that no appeal will be taken.
This leaves only the Florida case where neither a final order nor certification has been entered. We are told the parties are engaged in settlement negotiations as to those claims not dismissed by Judge Fox. We have no jurisdiction over this case because of the Judicial Panel’s remand order. I have no *535 doubt that the Eleventh Circuit is capable of deciding any appeal.
Parenthetically, I note that in General Tire & Rubber Co., we observed that we were not concerned “with the problem of whether or not we shall ultimately lose our jurisdiction to review to another appellate court.” 373 F.2d at 370. We were, however, concerned with effective judicial administration. To gather back into this circuit the eases the Judicial Panel remanded will, I am afraid, negate effective judicial administration and subject the parties to delay and to needless counsel fees and expenses.
Rather than reaching out to the extraordinary, unsolicited, and ill-advised writ of mandamus, I would consider the merits of the cases before us, realizing that only one other circuit could potentially rule on these issues. The greater danger to our system comes not from possible circuit conflict but from failure to honor the role that Congress prescribed for the transferee court and the Judicial Panel in establishing a system of multidistrict litigation.